IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GINA CHAFFIN                                                                                    PLAINTIFF

v.                                      No. 2:15-cv-02016

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                   DEFENDANT

**OPINION AND ORDER**

Currently before the Court is the Plaintiff Gina Chaffin's motion to remand. (Doc. 9). Defendant has filed a response (Doc. 10) admitting that the case should be remanded and citing to a stipulation (Doc. 10-1) signed by Plaintiff's counsel whereby Plaintiff and Plaintiff's counsel agree not to seek or collect any damages in excess of $75,000 in this action. The stated purpose of the stipulation "is so this matter will be remanded from Federal Court back to State Court." *Id*.

The Court cannot remand this action on the basis of a stipulation signed by Plaintiff's counsel subsequent to removal. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Events subsequent to removal may be relevant to a jurisdictional inquiry only insofar as the events may shed light on the amount actually in controversy at the time of filing of the complaint and/or at the time of removal. *Id*. at 823. Allowing the parties to remand a case by agreement—where it appears that the Court otherwise has jurisdiction—would be contrary to law and would also undermine judicial efficiency. The issue of jurisdiction must be firmly decided when first raised. Otherwise, a case might proceed with the Court expending resources and perhaps deciding issues contrary to the parties' liking, only to have

the parties agree later that they in fact prefer a state-court venue after all.  Retaining jurisdiction once validly invoked in removed cases serves the dual purpose of encouraging precise pleading in state court and discouraging procedural gamesmanship in federal court.   Therefore, the Court must look at the amount in controversy at the time Plaintiff filed her complaint and at the time the case was removed to this Court.  The stipulation is of no import to this consideration.

Here, Plaintiff pleaded in her complaint (Doc. 3, ¶ 11(b)) that she had been damaged "in the sum of $67,611.13 . . . and that the amount in controversy does not exceed $75,000."  "[T]he sum claimed by the plaintiff in good faith is usually dispositive . . . ." *Schubert*, 649 F.3d at 822.  As the party invoking the Court's jurisdiction, Defendant has the burden to show, by a preponderance of the evidence, facts supporting jurisdiction.  *Id*.  Defendant's notice of removal states "[t]he amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs."  (Doc. 1, ¶ 8). Defendant, however, offers no proof, allegation of fact, or other support for this conclusion.  In the face of Plaintiff's contrary allegations in the complaint, Defendant's conclusory statement is insufficient to show that this Court can exercise jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. 9) is GRANTED. The Clerk is directed to remand this case to the Circuit Court of Sebastian County, Arkansas.

IT IS SO ORDERED this 3rd day of February, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE